WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Ortiz,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Zurich American Insurance Company, Kelly Thompson, Sedgwick Claims Management Services Incorporated,<br><br>　　　　　　Defendants. | No. CV-13-02097-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Sedgwick Claims Management Services, Inc.'s ("Sedgwick") and Kelly Thompson's ("Thompson") Motion to Dismiss Plaintiff's claims against them. (Doc. 29). Plaintiff has filed a response (Doc. 32) and Sedgwick and Thompson have filed a reply (Doc. 34).

**I.     BACKGROUND**

Plaintiff David Ortiz suffered an on-the-job injury while working for Starwood Hotels & Resorts ("Starwood") and then filed a claim for workers' compensation benefits. Starwood is covered by a workers' compensation insurance policy issued by Zurich American Insurance Company ("Zurich"). Sedgwick is the third-party administrator of Zurich's workers' compensation coverage for Starwood. Thompson handled Plaintiff's workers' compensation claim as Sedgwick's claims adjuster. Although Plaintiff eventually received the benefits to which he was entitled, he experienced a great deal of difficulty working with Thompson, Sedgwick, and Zurich.

Subsequently, Plaintiff brought this action alleging a breach of the duty of good

faith and fair dealing that resulted in wrongfully denied and unreasonably delayed payment of benefits. (Doc. 9 at 5). Plaintiff named Zurich, Sedgwick, and Thompson as defendants. (*Id*. at 1–4).

Plaintiff alleges four claims for relief. (*Id.* at 7–12). Plaintiff alleges the first claim only against Zurich for breach of the duty of good faith and fair dealing. (*Id.* at 7–8). Plaintiff alleges the second claim only against Sedgwick for aiding and abetting Zurich's breach of the duty of good faith and fair dealing. (*Id*. at 8–10). Plaintiff alleges the third claim only against Thompson for aiding and abetting Zurich's breach of the duty of good faith and fair dealing. (*Id*. at 10–11). Plaintiff alleges the fourth claim against all defendants for punitive damages. (*Id*. at 11–12). Plaintiff alleges Zurich is vicariously liable for the acts of its employees or agents such as Sedgwick and Thompson, and that Zurich is directly liable for a breach of the non-delegable duty of good faith and fair dealing. (*Id*. at 2). As for Sedgwick, Plaintiff alleges that it is vicariously liable for the acts of its employees or agents such as Thompson, and that Sedgwick is directly liable for aiding and abetting Zurich in its violations of the duty of good faith and fair dealing. (*Id*. at 3). As for Thompson, Plaintiff alleges that she is personally liable for aiding and abetting Zurich in its violations of the duty of good faith and fair dealing. (*Id*. at 4).

Plaintiff also alleges the following facts give rise to the bad faith claims: Defendants (1) failed to conduct a reasonable investigation; (2) failed to timely recognize and acknowledge Plaintiff's compensable injury; (3) failed to accept undisputed evidence regarding Plaintiff's workers' compensation claim; (4) denied the existence or extent of the injury without proper input; (5) created pretextual reason to deny payment; (6) engaged in an outcome-driven approach to Plaintiff's claim; (7) ignored and refused to consider information favorable to Plaintiff's claim; and (8) failed to ensure the industry's best practices were applied to Plaintiff's claim. (*Id*. at 6–7).

Sedgwick and Thompson filed the pending Federal Rule of Civil Procedure ("Rule") 12(b)(6) Motion to Dismiss. (Doc. 29). Sedgwick and Thompson argue they

should be dismissed from this lawsuit because Thompson's actions are the sole basis for Plaintiff's claims against Zurich, and she took those actions as an employee of Sedgwick, which is Zurich's agent. (*Id.* at 4). Even if Zurich breached its duty of good faith and fair dealing via Thompson's actions, Sedgwick and Thompson argue, one actor performing a single set of actions cannot simultaneously form the basis for both primary and secondary liability. (*Id.*) In other words, Sedgwick and Thompson argue one cannot aid and abet one's self.

**II.      ANALYSIS**

      **A.      Federal Pleading Requirements**

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B. A Secondary Act is Required to Aid and Abet a Primary Act

To state a claim against Sedgwick and Thompson for aiding and abetting Zurich's breach of its duty of good faith and fair dealing, Plaintiff must allege facts sufficient to show Sedgwick and Thompson, as individuals, met the legal elements of aiding and abetting.

"Arizona recognizes aiding and abetting as embodied in Restatement [(Second) of Torts] § 876(b), that a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 ¶ 31 (Ariz. 2002). For there to be harm to a third person, there must be at least two tortfeasors. *See* Restatement (Second) of Torts § 876 cmt. a (1977) ("Whenever two or more persons commit tortious acts in concert, each becomes subject to liability for the acts of the others, as well as for his own acts."); *see also Gibson-Jones v. Berkel & Co. Contractors, Inc.*, 2008 WL 782568, at *5 (N.D. Cal. Mar. 21, 2008) ("[A] single actor (as a matter of legal tautology) cannot aid and abet (or conspire with) itself.").

Plaintiff alleges three tortfeasors: Zurich, Sedgwick, and Thompson. Taken as true, the factual allegations in the complaint could amount to a breach of the duty of good faith and fair dealing, a tortious act. *See* Restatement (Second) of Torts § 876 cmt. a (1977). Plaintiff explicitly alleges this tortious act was committed by Zurich—*not* by Sedgwick or Thompson. (Doc. 9 at 7) (first claim for relief alleged only against Zurich);

- 4 -

(*Id.* at 9–11) (the only cause of action against Sedgwick and Thompson is for aiding and abetting Zurich's breach of the duty of good faith and fair dealing). In order for Sedgwick and Thompson to have committed "tortious acts in concert" with Zurich, there must be some factual allegation showing Sedgwick and Thompson took separate action in concert with the action giving rise to Plaintiff's claim against Zurich. *See Jones v. Colo. Cas. Ins. Co.*, 2013 WL 4759260, at *3 (D. Ariz. Sept. 4, 2013); *Young v. Liberty Mut. Grp., Inc.*, 2013 WL 840618, at *3 (D. Ariz. Mar. 6, 2013). Because Plaintiff alleges the same actions give rise to both the bad faith claim and the aiding and abetting claim, Plaintiff has failed to state a claim against Sedgwick or Thompson.

In his response, Plaintiff relies on *Morrow v. Boston Mutual Life Insurance Company*, 2007 WL 3287585 (D. Ariz. Nov. 5, 2007) for the proposition that an insurer's agent may be held liable for aiding and abetting the insurer. (Doc. 32 at 7). Although *Morrow* supports that proposition, that proposition does not support Plaintiff's claims against Sedgwick and Thompson. The plaintiff in *Morrow* was receiving monthly disability payments from his insurer. *Morrow*, 2007 WL 3287585, at *1. The *Morrow* plaintiff claimed his insurer committed the tort of bad faith by purposefully hiring a biased medical examiner as part of a "claim termination scheme." *Id*. The *Morrow* plaintiff alleged the medical examiner committed the tort of aiding and abetting "by providing a biased and unsubstantiated opinion" of the plaintiff's health. *Id*. at *5. Thus, in *Morrow*, there were two tortious acts alleged: (1) purposefully hiring a biased examiner in bad faith; and (2) aiding and abetting the bad faith by providing a biased and unsubstantiated medical opinion. Each act was alleged against a different defendant. *Id.* Here, Plaintiff alleges only one tortious act: failing, in bad faith, to conduct an adequate investigation and make timely benefits payments. Plaintiff fails to allege any separate action by Sedgwick and Thompson in concert with the action giving rise to Plaintiff's bad faith claim against Zurich.

Next, Plaintiff relies on his claim that Sedgwick and Zurich are separate persons, because Sedgwick is a separate entity from Zurich, and the agency relationship between

1 them "does not mean that the entities acted as 'one person.'" (Doc. 32 at 5). Plaintiff
2 supports this claim by asserting that "'[i]t is possible for [the agent] to aid and abet [the
3 principal] through the actions of a common employee [or agent].'" (*Id.* at 5 (alteration in
4 original) (quoting *Pimal Prop. Inc. v. Capital Ins. Grp., Inc.*, 2012 WL 608392, at *7 (D.
5 Ariz. Feb. 27, 2012)). However, even if that assertion is true, Plaintiff still alleges only
6 one tortious act: failing, in bad faith, to conduct an adequate investigation and make
7 timely payments. As stated above, in order to succeed on a claim of aiding and abetting,
8 there must be some factual allegation showing a separate act was committed by Sedgwick
9 in concert with the action giving rise to Plaintiff's claim against Zurich. Therefore, even
10 if Sedgwick and Zurich are separate entities, Plaintiff has failed to state a claim of aiding
11 and abetting.

12 Plaintiff also relies upon *Chalpin v. Snyder*, 207 P.3d 666 (Ariz. Ct. App. 2008)
13 for the proposition that where an agent can aid and abet his principal, "the agent and
14 principal [are] not acting as one entity." (Doc. 32 at 5). However, the court in *Chalpin*
15 held only that aiding and abetting can be a valid cause of action against a lawyer.
16 *Chalpin*, 207 P.3d at 677 ¶ 45. Additionally, *Chalpin* dealt with the specific case of an
17 attorney representing his client and relied heavily on law specifically governing lawyers,
18 the Restatement (Third) of the Law Governing Lawyers § 56 cmt. c (2000). *See Chalpin*,
19 207 P.3d at 677 ¶¶ 44–45. Moreover, Plaintiff erroneously claims that the proposition he
20 asserts *Chalpin* stands for supports the converse proposition as well: because the agent,
21 Sedgwick, was acting as a separate entity from its principal, Zurich, Sedgwick can be
22 liable for aiding and abetting Zurich. (Doc. 32 at 5). Not only does the limited holding in
23 *Chalpin* not address this situation at all, but also Plaintiff's reasoning is circular and
24 ignores the requirement that Plaintiff allege an act, separate from the action giving rise to
25 Plaintiff's claim against Zurich, was committed by Sedgwick.

26 Additionally, Plaintiff claims that the Court held in *Young* and *Jones* that an
27 employee could not aid and abet her employer whereas here it is alleged that Thompson
28 aided and abetted Zurich, who is not her employer." (Doc. 32 at 8–9). However, Plaintiff

1  misconstrues the holdings in *Young* and *Jones*. In *Young* and *Jones*, the Court held that a
2  secondary act is required to aid and abet the primary act which constitutes a breach of the
3  duty of good faith and fair dealing. *Jones*, 2013 WL 4759260, at *3; *Young*, 2013 WL
4  840618, at *3. Therefore, even if Thompson is not an employee of Zurich, Plaintiff has
5  failed to state a claim of aiding and abetting, because there must be some factual
6  allegation showing a secondary act in concert with the action giving rise to Plaintiff's
7  claim against Zurich.

8        Plaintiff has, however, filed a Notice of Supplemental Authority (Doc. 52)
9  attaching the Court's recent decision in *Haney v. ACE Am. Ins. Co.*, 2014 WL 1230503
10 (D. Ariz. Mar. 25, 2014). The plaintiff in *Haney* suffered an injury in the course of her
11 employment, and she made a claim for workers' compensation. *Id.* at *1. The claim was
12 received by her employer's insurer that used Sedgwick as the third-party administrator of
13 its workers' compensation coverage. *Id.* Sedgwick then assigned a claims adjustor to
14 process the claim. *Id.* The plaintiff in *Haney* alleged facts very similar to Plaintiff: the
15 insurer, Sedgwick, and the claims adjuster "failed to investigate her claim properly,
16 delayed payment on her claim, and finally forced Plaintiff to hire an attorney to enforce
17 her claim." *Id.* Just like Plaintiff, the plaintiff in *Haney* also alleged that the insurer
18 breached its duty of good faith and fair dealing, and Sedgwick and the claims adjustor
19 aided and abetted that breach by delaying or denying the claim without a reasonable
20 basis. *Id.* The Court in *Haney* subsequently denied Sedgwick's motion to dismiss. *Id.* at
21 *5; *see also Inman v. Wesco Ins. Co.*, 2013 WL 2635603, at *4 (D. Ariz. June 12, 2013)
22 (denying a claims adjustor's motion to dismiss based on the reasoning that "an aiding and
23 abetting claim is not barred simply because a person worked for the alleged primary
24 tortfeasor and was acting within the scope of her employment."); *Wilson v. Accident*
25 *Fund Gen. Ins. Co.*, 2013 WL 6670330, at *3 (D. Ariz. Dec. 18, 2013) (denying a claims
26 adjustor's motion to dismiss based on the reasoning in *Inman*). The Court in *Haney*
27 rejected the argument that the plaintiff did not plead a separate tortious act against
28 Sedgwick, reasoning that the plaintiff's allegation that Sedgwick substantially assisted or

encouraged the insurer in delaying or denying the claim without a reasonable basis sufficiently pleaded separate action by Sedgwick which could amount to aiding and abetting. *Haney*, 2014 WL 1230503, at *5.

The Court is not bound by the holdings in *Haney*, *Inman*, or *Wilson*, and the Court finds the reasoning in *Jones* and *Young* more persuasive. A single actor cannot substantially assist or encourage her own acts. *See* Restatement (Second) of Torts § 876 cmt. b (1977) ("If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the *other's act*." (emphasis added)). To state a claim for aiding and abetting, Plaintiff must allege facts showing Sedgwick and Thompson took separate action in concert with the action giving rise to Plaintiff's claim against Zurich. *See Jones*, 2013 WL 4759260, at *3; *Young*, 2013 WL 840618, at *3. Plaintiff alleges only one tortious act: failing, in bad faith, to conduct an adequate investigation and make timely benefits payments. Plaintiff fails to allege any separate action by Sedgwick and Thompson in concert with the action giving rise to Plaintiff's bad faith claim against Zurich.

Because the Court concludes that Plaintiff has failed to allege a secondary act, the Court need not address whether Plaintiff has alleged facts sufficient to satisfy the other elements of aiding and abetting,[1] including Plaintiff's claim that Sedgwick had knowledge that Zurich breached its duty of good faith and fair dealing. Plaintiff has failed to sufficiently allege a claim for aiding and abetting against Sedgwick and Thompson.

### C. Punitive Damages Require an Underlying Tort

Plaintiff also alleges Zurich, Sedgwick, and Thompson are liable for punitive damages. (Doc. 9 at 11–12). Sedgwick and Thompson argue that they cannot be liable for

---

[1] The additional elements required in Arizona to state a claim for aiding and abetting are: (1) the primary tortfeasor commits a tort that causes injury to the plaintiff; (2) the defendant knows that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant substantially assists or encourages the primary tortfeasor in the achievement of the breach. *Wells Fargo Bank*, 38 P.3d at 23 ¶¶ 31, 34 (Ariz. 2002).

punitive damages if, as the Court has found, Plaintiff has not adequately alleged a tort against them. (Doc. 29 at 7). Plaintiff does not dispute this contention.

Punitive damages require evidence of "'something more' than the conduct necessary to establish the tort." *Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986) (citation omitted). Here, the only conduct alleged is against Zurich. Sedgwick and Thompson cannot be liable for punitive damages unless they committed underlying torts. Because Plaintiff has not adequately alleged a tort against Sedgwick and Thompson, his claim for punitive damages against them must be dismissed as well.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Sedgwick Claims Management Services, Inc.'s and Kelly Thompson's Motion to Dismiss (Doc. 29) is granted; Sedgwick Claims Management Services, Inc. and Kelly Thompson are terminated from this action.

Dated this 10th day of April, 2014.

James A. Teilborg
Senior United States District Judge